UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TINA L. HAYNER**

    Plaintiff,                                       Case no. 2:06-CV-705
                                                 JUDGE GREGORY L. FROST
                                                 Magistrate Judge Norah McCann King

    v.

**CITY OF WASHINGTON
COURT HOUSE, et al.,**

    Defendants.

## OPINION & ORDER

This matter is before the Court for consideration of a Motion to Dismiss (Doc. # 14) filed by Defendant Ohio Civil Rights Commission ("OCRC"), a Motion to Dismiss (Doc. # 15) filed by Defendant Ohio Unemployment Compensation Review Commission ("Unemployment Review Commission"), and a Motion to Dismiss (Doc. # 16) filed by Defendant Ohio Attorney General (Attorney General's Office").  This Court will also consider the memoranda in opposition (Docs. # 31, 33, 34) that has been filed in response to each motion to dismiss by Plaintiff Tina L. Hayner ("Plaintiff").

### A. Background

In June 2001, Plaintiff began full time employment with the City of Washington Court House ("the City") as a custodian.  In June of 2002, Plaintiff applied for a street maintenance position, but the City selected an outside candidate.  As a result, Plaintiff's union ("AFSCME") filed a grievance on Plaintiff's behalf, however, Plaintiff chose not to pursue the grievance.  In September of 2002, Plaintiff applied for another street maintenance position and again the City

did not hire her.  AFSCME filed a second grievance on Plaintiff's behalf.  The City offered Plaintiff to work part-time as a custodian and part-time as a street maintenance worker on a trial basis.  AFSCME did not agree with the split work assignment and maintained its position that Plaintiff should have been selected full-time for the street maintenance position.  AFSCME continued to pursue this grievance and eventually a settlement agreement was reached.  Consequently, Plaintiff was promoted to the position of street maintenance worker on a full-time basis with a probationary promotional period of 120 days, and she received back pay.

Prior to the of end of the promotional probationary period, Plaintiff, AFSCME, and the City met to discuss Plaintiff's performance.  The City was dissatisfied with Plaintiff's performance as a street maintenance worker and therefore decided to demote her back to her position as a custodian.  On April 7, 2003, Plaintiff went to the City's Personnel Director and turned in her keys.  The Personnel Director then advised her by letter that if Plaintiff entered an unapproved leave without pay status that the City would consider her to have abandoned her employment.  Thus, when Plaintiff did not respond, the City assumed that she did, in fact, abandon her job.  Despite being advised by AFSCME that it would file a grievance regarding the abandonment of her position, Plaintiff chose not to file a grievance.

Plaintiff subsequently filed a claim on April 28, 2003 for unemployment compensation benefits.  On August 13, 2003 and September 11, 2003, the Unemployment Review Commission held an administrative hearing and issued a decision denying Plaintiff's claim.  Plaintiff did not file an appeal with the common pleas court to review the Unemployment Review Commission's decision.

In April of 2003, Plaintiff also filed a charge of discrimination with the OCRC against

the City and AFSCME. Plaintiff's charge alleged sex discrimination and unlawful retaliation. After conducting an investigation, the OCRC concluded that there was "probable cause" to believe that the City engaged in an unlawful discriminatory practice against Plaintiff, but found that there was "no probable cause" to believe that AFSCME engaged in any unlawful discriminatory practice. Plaintiff chose not to file an appeal with the common pleas court to review the "no probable cause" determination.

Thereafter, the OCRC issued an administrative complaint against the City alleging unlawful sex discrimination and unlawful retaliation. The Attorney General's Office undertook the prosecution of the case against the City. After discovery and an evidentiary hearing, the OCRC's Administrative Law Judge ("ALJ") issued a report finding that the City unlawfully retaliated against Plaintiff in violation of Ohio Rev. Code § 4112.02(1). The ALJ ordered the City to cease and desist its discriminatory practices and to receive training on compliance with Ohio's laws against discrimination.

The ALJ, however, also found that the City did not discriminate against Plaintiff on the basis of her sex. Also, the ALJ, did not reinstate Plaintiff to her former job because the ALJ found that Plaintiff "voluntarily resigned her position and was not constructively discharged." (Doc. # 4-4 ¶ 65.) Plaintiff chose not to file an appeal with the common pleas court.

On August 21, 2006, Plaintiff filed the Complaint (Doc. # 4) now under consideration. Plaintiff's complaint contains four claims: Claim One alleges causes of action against the City and AFSCME; Claim Two alleges causes of action against the Unemployment Review Commission; Claim Three alleges causes of action against the OCRC; and Claim Four alleges causes of action against the Attorney General's Office. Plaintiff seeks reinstatement of her job,

3

$500,000, and costs. This Court will address Claims Two, Three, and Four in this Opinion and Order.[1] Claim One will be addressed by a separate order.

This Court finds that Defendants construed Plaintiff's complaint too narrowly when they posit that Plaintiff's claims "[are] essentially appeals of these OCRC decisions," (Doc. # 14) and that "the gravamen of [Plaintiff's] entire complaint is that her former employer discriminated against her on the basis of sex." (Doc. # 15.) Defendants' argument is based on the fact that Plaintiff's complaint protests the following: (1) the OCRC did not find probable cause against the AFSCME; (2) the ALJ did not find that the City unlawfully discriminated against her on the basis of sex; and (3) after finding that the City did unlawfully retaliate against her, the ALJ did not reinstate Plaintiff to her job. (Doc. # 4.) Thus, Plaintiff has alleged a claim of sex discrimination under Title VII. Defendants, however, fail to acknowledge that Plaintiff also alleges that Defendants conspired to discriminate against her on the basis of her sex. Therefore, because Plaintiff has alleged a conspiracy to violate a federal statutory right, Plaintiff, in effect, has brought a cause of action under 42 U.S.C. § 1983.

Defendants move to dismiss Plaintiff's complaint based on the following: (1) Eleventh Amendment immunity; (2) this Court lacks subject matter jurisdiction to hear Plaintiff's claims; and (3) Plaintiff's complaint fails to state a claim upon which relief can be granted.

This Court finds that dismissal of Plaintiff's complaint against these Defendants is warranted based on Fed. R. Civ. P. 12(b)(1). Alternatively, assuming that this Court did have subject matter jurisdiction over Plaintiff's Title VII claim, Defendants are immune from suit under the Eleventh Amendment. Finally, even if Defendants were not immune from suit, this

---

[1] The OCRC, the Unemployment Review Commission, and the Attorney General's Office will be collectively referred to as "Defendants."

Court finds that Plaintiff's Title VII claim should be dismissed under Fed. R. Civ. P 12(b)(6). With respect to Plaintiff's 42 U.S.C. § 1983 claim, Defendants are also immune from suit under the Eleventh Amendment.

### B. Standard of Review

**1. Fed. R. Civ. P. 12(b)(1)**

Rule 12(b)(1) provides that an action may be dismissed for lack of subject matter jurisdiction. Under the Federal Rules of Civil Procedure, "[p]laintiffs have the burden of proving jurisdiction in order to survive a Rule 12(b)(1) motion . . . ." *Weaver v. Univ. of Cincinnati*, 758 F. Supp. 446, 448 (S.D. Ohio 1991) (citing *Moir v. Greater Cleveland Reg'l. Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)). *See also Rapier v. Union City Non-Ferrous, Inc.*, 197 F. Supp. 2d 1008, 1012 (S.D. Ohio 2002) (citing *McNutt v. General Motors Acceptance Corporation of Indiana, Inc.*, 298 U.S. 178, 189 (1936); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)) ("The plaintiff bears the burden of establishing, by a preponderance of the evidence, the existence of federal subject matter jurisdiction.")

**2. Fed. R. Civ. P. 12(b)(6)**

Dismissal is warranted under Fed. R. Civ. P. 12(b)(6). "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Trzebuckowski v. City of Cleveland,* 319 F.3d 853, 855 (6th Cir. 2003) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)). Therefore, the focus is not on whether a plaintiff will ultimately prevail, but rather on whether the claimant has offered "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal

theory." *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988)).  A court need not, however, accept as true "legal conclusions or unwarranted factual inferences."  *Perry v. American Tobacco Co., Inc.*, 324 F.3d 845, 848 (6th Cir. 2003) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th. Cir. 1987.)

### C. Discussion

#### 1. Title VII Claim

Essentially, Defendants argue that this Court lacks subject matter jurisdiction over Plaintiff's claims based on two theories.  First, Defendants claim that federal courts do not have jurisdiction to engage in an appellate review over a decision of a state agency.  Second, Defendants claim that Plaintiff failed to exhaust her state court remedies when Plaintiff chose not to exercise her right to file an appeal of either the Unemployment Review Commission or the ALJ's decision with the common pleas court**.**  While this Court recognizes that both of Defendants' arguments provide a separate basis to divest this Court of subject matter jurisdiction, this Court finds that under these facts, Defendants cannot succeed on their "failure to exhaust" argument.  Nevertheless, this Court finds that dismissal of Plaintiff's complaint is warranted based on Defendants' first theory pursuant to Fed. R. Civ. P. 12(b)(1).

Federal district courts are courts of original jurisdiction and cannot act as an appellate tribunal**.**  *See Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 581 (1954) (stating that a federal district court is a court of original jurisdiction and cannot be made into an appellate tribunal); *Burford v. Sun Oil Co.*, 319 U.S. 315, 317 (1943)); *Shamrock Motors, Inc., v. Ford Motor Co.*,

120 F.3d 196 (9th Cir. 1997)).  If a review of a state administrative decision is sought, this Court must analyze the type of review provided for by the state in question.  *See, e.g., Shamrock Motors, Inc.,* 120 F.3d at 200.  If a state administrative review process requires a deferential review of the state agency's findings and determinations, removal of the action to federal court would require the district court to impermissibly perform an appellate role with respect to the decision of the state administrative agency.  *See id.*  Thus, when a state provides for an administrative agency review of an appellate nature, federal district courts have neither original jurisdiction nor removal jurisdiction over the review proceedings.  *See id.*  Therefore, a federal court must dismiss an action that is seeking an appellate review of a state agency determination.

Here, the common pleas court has exclusive jurisdiction over the appeals of decisions of the OCRC pursuant to Ohio Rev. Code § 4112.06(F) and has exclusive jurisdiction over the appeals of decisions of the Unemployment Review Commission pursuant to § 4141.282.  The common pleas court's review process is appellate in nature.  *Gammon v. Ohio Civil Rights Comm.*, No. L-03-1068, 2003 WL 22319424, at *1,2 (Ohio Ct. App. 6th Dist. Oct 10, 2003).  The standard of review on appeal to the common pleas court is whether the administrative decision is irrational, unlawful, and/or arbitrary and capricious.  *Id.*  Thus, when reviewing the findings of the state agency, the common pleas court determines whether the findings are supported by some reliable, probative, substantial evidence.  *Id.*  If such evidence exists in support of the findings, the common pleas court, confined to an appellate role, is not free to set them aside.  *Id.* at *3.

Plaintiff here chose not to exercise her right to appeal the decision of the Unemployment Review Commission and the OCRC to the common pleas court.  Ohio Rev. Code §§ 4141.282,

4112.06(F).  Instead, she filed this original action with this Court.  With respect to her Title VII claim, Plaintiff seeks reinstatement, $500,000, and costs.  (Doc. # 4.)   Her claim seeks a review of the ALJ's determination that the City did not unlawfully discriminate against her on the basis of sex and a review of  the ALJ's decision not to reinstate Plaintiff to her job.  (Doc. # 4.)  Thus, in order for this Court to award Plaintiff the relief that she seeks, this Court would be required to impermissibly engage in an appellate role.  This Court could not grant the relief sought without reversing the findings of the ALJ and thereby ignoring the evidence in support of those findings.  Rather, this Court is required to give preclusive effect to the factual determinations of the state administrative hearing.  *See Featherstone v. Columbus Public Schs.*, 39 F.Supp. 2d 1020 (S.D. Ohio 1999).  Given the fact that the review of the OCRC and Unemployment Review Commission's decision by the common pleas court is appellate in nature, and the fact that this Court has neither original or removal jurisdiction to engage in an appellate review of state administrative decisions, Plaintiff's Title VII claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

This Court notes that Defendants also argue that this Court lacks subject matter jurisdiction over Plaintiff's Title VII claim because Plaintiff failed to exhaust her state administrative remedies when she chose not to file an appeal of the OCRC or Unemployment Review Commission's decision with the common pleas court.  (Doc. # 14 at 7; Doc. # 15 at 7; Doc. # 16 at 7.)  While this Court recognizes that Defendants' "failure to exhaust" argument does provide a separate basis to divest this Court of subject matter jurisdiction, this Court finds that under the facts of this case, these Defendants cannot appropriately advance their "failure to exhaust" argument.  Rather, this defense can only be appropriately advanced by a party from

8

whom Plaintiff could have actually obtained relief had Plaintiff appealed.  Here, Plaintiff seeks reinstatement of her employment, $500,000, and costs.  If the Plaintiff had appealed to the common pleas court the decisions of the OCRC and Unemployment Review Commission, and the common pleas court ruled in her favor, Plaintiff could only obtain the relief sought from her employer, the City, not any of these Defendants.  Because these Defendants were never involve with Plaintiff's employment with the City and have no control over whom the City hires, the court could not have ordered Defendants to reinstate Plaintiff's job and provide her with money damages.  Thus, as to these Defendants, a failure to exhaust argument, is an inappropriate ground to divest this Court of subject matter jurisdiction.

Alternatively, assuming this Court did have subject matter jurisdiction over Plaintiff's claim, Defendants are immune from suit pursuant to the Eleventh Amendment of the U.S. Constitution.  Under the Eleventh Amendment the State of Ohio enjoys immunity from all claims (state and federal) brought by any individual (citizen or non-citizen) in federal court absent its consent or Congressional abrogation of its immunity.  *See, e.g.*, *Kimel v. Fla. Bd of Regents*, 528 U.S. 62, 72-73 (2000) (stating "for over a century now, we made clear that the Constitution does not provide for federal jurisdiction over suits against nonconsenting States").  This immunity from suit also extends to any duly created agencies of the state.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-101 (1984) (stating "It is clear, of course, that in the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.")  The OCRC, the Attorney General's Office, and the Unemployment Review Commission are all agencies of the State of Ohio, who have not consented to be sued nor has Congress abrogated their sovereign immunity.

Ohio Rev. Code §§§ 4112.03, 109, 4141. Therefore, they are immune from suit in this Court with respect to all of Plaintiff's claims.

Finally, even if Defendants were not immune to suit, this Court finds that Plaintiff's Title VII claim should be dismissed under Fed. R. Civ. P 12(b)(6). Title VII of the United States Code makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment because of such individual's race, color, religion, sex or national origin." 42 U.S.C. 2000e-2(a)*1)(1994). A plaintiff may establish a prima facie case of discrimination either by presenting direct evidence of intentional discrimination by her employer or by providing circumstantial evidence from which an inference of discrimination can be drawn. *See, e.g.*, *Dicarlo v. Potter*, 358 F.3d 408, 414 (6th Cir. 2004). "Mere personal belief, conjecture and speculation are insufficient to support an inference of discrimination." *Woythal v. Tex-Tenn Corp.*, 112 F.3d 243, 247 (6th Cir. 1997.)

In the absence of direct evidence of discrimination, this Court will apply the *McDonnell Douglas/Burdine* burden shifting analysis. Under this analysis, the first step requires Plaintiff to prove a prima facie case of discrimination by his or her employer. *Sexstella-Wright, v. Sandusky City Sch. Dist.*, NO. 1:05CV1136, 2006 WL 3526791 (N.D. Ohio. Dec. 6, 2006); *see Mcdonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981.)

"To establish a prima facie of sex discrimination based upon circumstantial evidence Plaintiff must show he (1) 'is a member of a protected group,' (2) 'was subject to an adverse employment decision,' (3) 'was qualified for the position,' and (4) 'was replaced by a person outside the protected class.' " *Sexstella-Wright,* 2006 WL 3526791 at *4 (quoting *Kline v. Tenn.*

*Valley Auth.*, 128 F.3d 337, 349 (6th Cir. 1997)). In addition, with respect to the fourth element, Plaintiff may meet her burden by showing she was treated differently than similarly situated non-protected employees. *See Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 461 (6th Cir. 2001).

Here, Plaintiff fails to meet her burden of proving her prima facie case against Defendants. Accepting all allegations of Plaintiff as true, it is undisputed that none of Defendants were Plaintiff's employer. Specifically, the OCRC did not employ Plaintiff and was not involved in any way with Plaintiff's employment with the City. Rather, OCRC only became involved when Plaintiff filed a charge of discrimination with the OCRC after her employment with the City ended. Likewise, the Attorney General's Office did not employ Plaintiff and was not involved in any way with Plaintiff's employment with the City. Rather, the Attorney General's Office only role was to prosecute the case against the City in the administrative proceeding in front of the ALJ. Finally, the Unemployment Review Commission did not employ Plaintiff and was not involved in any way with Plaintiff's employment with the City. Rather, the Unemployment Review Commission only became involved when Plaintiff filed her claim for unemployment benefits after her employment with the City had ended. Thus, alternatively, this Court finds that Plaintiff's Title VII claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to set forth under Title VII a prima facie case of sex discrimination against Defendants.

**2. 42 U.S.C. § 1983**

Plaintiff alleges that Defendants conspired to discriminate against her on the basis of her sex. Because this Court has ruled that Defendants are immune from all claims brought against them in this Court for the reasons aforementioned, this Court need not consider the merits of

11

Plaintiff's 42 U.S.C. § 1983 claim.  Thus, this Court also grants Defendants' Motion to Dismiss with respect to Plaintiff's 42 U.S.C. § 1983 claim.

### D. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' Motions to Dismiss.  (Docs. # 14, 15, and 16.)  The clerk shall enter judgment accordingly and terminate this case as these Defendants upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

                                            **/s/ Gregory L. Frost**
                                            **GREGORY L. FROST**
                                            **UNITED STATES DISTRICT JUDGE**