UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TINA L. HAYNER

    Plaintiff,

    v.

CITY OF WASHINGTON
COURT HOUSE, et al.,

    Defendants.

Case no. 2:06-CV-705
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

## OPINION & ORDER

This matter is before the Court for consideration of a Motion to Dismiss (Doc. # 18) filed by Defendant Ohio Council 8, AFSCME, AFL-CIO's, and a memorandum in opposition filed by Plaintiff Tina L. Hayner ("Plaintiff") (Doc # 32).  For the reasons that follow, this Court grants Defendant's motion.

### A. Background

Defendant Ohio Council 8 is an employee organization within the meaning of Ohio Rev. Code § 4117.01(D).  Ohio Council 8 provides professional services in the areas of collective bargaining, grievance processing, research, public relations, and legal representation to independent local unions throughout Ohio.  Local 3819 is one of the local unions that Ohio Council 8 assists.  Together Ohio Council 8 and Local 3819 ("AFSCME" when jointly referenced) are charged with the exclusive representation under Ohio Rev. Code Chapter 4117 of the employees of the City of Washington Court House ("the City") who are members of the Local 3819 bargaining unit.  AFSCME and the City were parties to a collective bargaining

1

agreement in effect from July, 12 2001 to June, 30 2004.

In June 2001, Plaintiff Tina L. Hayner ("Plaintiff") began full time employment with the City as a custodian.  At all relevant times, Plaintiff was an employee of the City and a member of Local 3819 bargaining unit.  In June of 2002, Plaintiff applied for a street maintenance position, but the City selected an outside candidate.  As a result, Plaintiff's union ("AFSCME") filed a grievance on Plaintiff's behalf, however, Plaintiff chose not to pursue the grievance.  In September of 2002, Plaintiff applied for another street maintenance position and again the City did not hire her.  AFSCME filed a second grievance on Plaintiff's behalf.  The City offered Plaintiff to work part-time as a custodian and part-time as a street maintenance worker on a trial basis.  AFSCME did not agree with the split work assignment and maintained its position that Plaintiff should have been selected full-time for the street maintenance position.  AFSCME continued to pursue this grievance and eventually a settlement agreement was reached.  Consequently, Plaintiff was promoted to the position of street maintenance worker on a full-time basis with a probationary promotional period of 120 days, and she received back pay.

Prior to the of end of the promotional probationary period, Plaintiff, AFSCME, and the City met to discuss Plaintiff's performance.  The City was dissatisfied with Plaintiff's performance as a street maintenance worker and therefore decided to demote her back to her position as a custodian. On April 7, 2003, Plaintiff went to the City's Personnel Director and turned in her keys.  The Personnel Director then advised her by letter that if Plaintiff entered an unapproved leave without pay status that the City would consider her to have abandoned her employment.  Thus, when Plaintiff did not respond, the City assumed that she did, in fact, abandoned her job.  Despite being advised by AFSCME that it would file a grievance regarding

the abandonment of her position, Plaintiff chose not to file a grievance.

Plaintiff, subsequently, filed a claim on April 28, 2003 for unemployment compensation benefits. On August 13, 2003 and September 11, 2003, the Unemployment Review Commission held an administrative hearing and issued a decision denying Plaintiff's claim. Plaintiff did not file an appeal with the common pleas court to review the Unemployment Review Commission's decision.

In April of 2003, Plaintiff also filed a charge of discrimination with the OCRC against the City and AFSCME. Plaintiff's charge alleged sex discrimination and unlawful retaliation. After conducting an investigation, the OCRC concluded that there was "probable cause" to believe that the City engaged in an unlawful discriminatory practice against Plaintiff, but found that there was "no probable cause" to believe that AFSCME engaged in any unlawful discriminatory practice. Plaintiff chose not to file an appeal with the court of common pleas to review the "no probable cause" determination.

Subsequently, the OCRC issued an administrative complaint against the City alleging unlawful sex discrimination and unlawful retaliation. The Attorney General's Office undertook the prosecution of the case against the City. After discovery and an evidentiary hearing, the OCRC's Administrative Law Judge ("ALJ") issued a report finding that the City unlawfully retaliated against Plaintiff in violation of Ohio Rev. Code § 4112.02(1). The ALJ ordered the City to cease and desist its discriminatory practices and to receive training on compliance with Ohio's laws against discrimination.

The ALJ, however, also found that the City did not discriminate against Plaintiff on the basis of her sex. Also, the ALJ, did not reinstate Plaintiff to her former job because the ALJ

found that Plaintiff "voluntarily resigned her position and was not constructively discharged." (Doc. # 4-4 ¶ 65.)  Plaintiff chose not to file an appeal with the court of common pleas to review the decisions of the ALJ.  The OCRC adopted the recommended decision in its order issued on June 22, 2006.  On June 23, 2006, the Equal Employment Opportunity Commission ("EEOC") issued Plaintiff a "Notice of Right To Sue" letter, naming the City as the only respondent.

On August 21, 2006, Plaintiff filed the Complaint (Doc. # 4) now under consideration. Plaintiff's complaint contains four claims: Claim One alleges causes of action against the City and AFSCME and specifically alleges an unfair representation claim against AFSCME; Claim Two alleges causes of action against the Unemployment Review Commission; Claim Three alleges causes of action against the OCRC; and Claim Four alleges causes of action against the Attorney General's Office.  Plaintiff seeks reinstatement of her job, $500,000, and costs.  This Court will address Claim One in this Opinion and Order.  Claim Two, Three, and Four have been addressed by a separate order.

Defendant moves to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. Pro. 12(b)(1) for lack of subject matter jurisdiction based on the following: (1) Plaintiff has not met all conditions precedent to filing a Title VII claim and thus has failed to exhaust her administrative remedies under Title VII; (2) the Ohio State Employment Relations Board ("SERB") has exclusive jurisdiction pursuant to Ohio Rev. Code Chapter 4117 over allegations of unfair labor practices by public employee organizations in Ohio; (3) Plaintiff has failed to exhaust her administrative remedies under Ohio Rev. Code Chapter 4117; and (4) Plaintiff has failed to exhaust her internal union remedies before proceeding to court on her claims.

This Court will address only the second and third arguments advanced by Defendant and

4

finds that dismissal of Plaintiff's complaint is warranted on those grounds pursuant to Fed. R. Civ. P. 12(b)(1).

### B. Standard of Review

**1. Fed. R. Civ. P. 12(b)(1)**

Rule 12(b)(1) provides that an action may be dismissed for lack of subject matter jurisdiction. Under the Federal Rules of Civil Procedure, "[p]laintiffs have the burden of proving jurisdiction in order to survive a Rule 12(b)(1) motion . . . ." *Weaver v. Univ. of Cincinnati*, 758 F. Supp. 446, 448 (S.D. Ohio 1991) (citing *Moir v. Greater Cleveland Reg'l. Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)). *See also Rapier v. Union City Non-Ferrous*, Inc., 197 F. Supp. 2d 1008, 1012 (S.D. Ohio 2002) (citing *McNutt v. General Motors Acceptance Corporation of Indiana, Inc.*, 298 U.S. 178, 189 (1936); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)) ("The plaintiff bears the burden of establishing, by a preponderance of the evidence, the existence of federal subject matter jurisdiction.")

### C. Discussion

Affording her filing liberal construction, Plaintiff's pleadings raise the question of whether this Court may consider the claim of a public employee who alleges unfair representation by a union where her right to relief is both created and circumscribed by Ohio's labor relations statutes. This Court does not have jurisdiction over Plaintiff's claim of breach of duty of fair representation because SERB exercises exclusive initial jurisdiction over disputes brought by public employees alleging unfair labor practices by a union as defined by Ohio Rev. Code § 4117. *See Featherstone v. Columbus Pub. Schs.*, 39 F. Supp. 2d 1020, 1025 (S.D. Ohio

1999); *Simmons v. Ohio Civil Serv. Emp. Assoc.*, 259 F. Supp. 2d 677, 684-85 (S.D. Ohio 2003). A public employee is any person employed by a public employer. Ohio Rev. Code § 4111.01(C). A municipality is classified as a public employer under § 4111.01(B). Section 4111.17(B)(6) also defines the failure to "fairly represent all public employees in a bargaining unit" as an unfair labor practice. Remedies for violations of § 4117 are set forth at § 4117.12(A). In Ohio, therefore, when a public employee brings an unfair labor practice claim, such public employee must first bring his or her claim with SERB, not the state or federal trial courts. *See Featherstone*, 39 F. Supp. 2d at 1025; *Simmons*, 259 F. Supp. 2d at 684-85.

In this case, Plaintiff is an employee of the City, and thus a public employee for the purposes of Ohio Rev. Code § 4111.01(C). Therefore, Plaintiff's claim of a breach of fair representation against AFSCME must first be brought with SERB, not the federal district court. Jurisdiction over the rights of public employees properly rests initially with SERB, and Plaintiff must exhaust her state remedies before seeking redress in this Court. *See Featherstone*, 39 F. Supp. 2d at 1025; *Simmons*, 259 F. Supp. 2d at 684-85.

### D. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss. (Doc. # 18.) The clerk shall enter judgment accordingly and terminate this case this Defendant upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

      /s/ Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**